IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO LEAL AND JERRY ALONZO, ) <br> ) <br> Plaintiffs, ) <br> ) <br> ) <br> v. ) <br> ) <br> COOK COUNTY DEPUTY SHERIFFS ) <br> ANTHONY KOZLAR, Star No. 4948, T. ) <br> HOULIHAN, Star No. 3927, E. ) <br> MACKOWIAK, Star No. 2846, and ) <br> ARTHUR L. ANTHONY, Star No. 2776. ) <br> Individually and as employee/agents of the ) <br> COOK COUNTY SHERIFF'S DEPT. and ) <br> COOK COUNTY. ) <br> ) <br> Defendants. ) | No. 05 C 5744 <br><br> The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Antonio Leal ("Leal") and Jerry Alonzo ("Alonzo") filed a six-count complaint against Cook County ("the County"), the Cook County Sheriff's Department and four individual Cook County Deputy Sheriffs, Anthony Kozlar, T. Houlihan, E. Mackowiak, and Arthur Anthony (collectively "the Officers") alleging: violations of 42 U.S.C. §1983 by use of excessive force (Count I) and false arrest/unlawful detention (Count II); state law claims of assault and battery (Count III), false imprisonment (Count IV), and malicious prosecution (Count V); and a state law claim of indemnification against Cook County (Count VI). Defendants Cook County and the Officers have filed a motion to dismiss Counts III, IV, V, and VI against them pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.

1

## I. Factual Background

In resolving the motion to dismiss, the Court takes as true the following facts from the Plaintiffs' complaint. On August 18, 2004, Kozlar, Houlihan, Mackowiak, and Anthony forced entry, with guns drawn, into Leal's residence and ordered Leal and Alonzo to the floor. The Officers handcuffed both plaintiffs and began searching the residence. After conducting an initial search, the Officers announced that they had an arrest warrant for Leal from a domestic battery charge and Leal identified himself as the subject of the warrant. The Officers then continued their search of Leal's residence for approximately one and a half hours. They also searched the plaintiffs and the plaintiffs' vehicles. During this time, the plaintiffs were continually handcuffed on the floor, and the Officers repeatedly yelled, "Where's the rest of the s\*\*t" and "Take us to your guy, or your both going to jail." In addition, the Officers summoned a canine unit to the residence and threatened both plaintiffs by placing the dogs near the plaintiffs' faces and stating, "These fangs are for you." As a result of the search, Leal was subsequently charged with possession of a controlled substance with intent to deliver and unlawful possession of a handgun. The Officers released Alonzo without any charges. According to plaintiffs, the criminal charges against Leal were later dropped in a manner indicative of his innocence.

## II. Standard of Review

Motions to dismiss under Rule 12(b)(6) test the sufficiency of the complaint rather than the merits of the case. *Midwest Gas. Serv. v. Indiana Gas Co.*, 317 F.3d 703, 714 (7th Cir. 2003). In reviewing a motion to dismiss, a court construes all allegations in the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts and allegations within the complaint as true. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir.

2002). The moving party bears the burden of showing beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). A complaint is not required to allege all or any of the facts logically entailed by the claim. *Bennet v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

### III. Analysis

A. Assault and Battery, False Imprisonment, Malicious Prosecution, and Indemnification (Counts III, IV, V, and IV)

Defendants argue that plaintiffs' state law claims are time-barred by the one-year statute of limitations set forth in the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("the Act), 745 ILES 10/8-801 which provides, in pertinent part:

> No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For purposes of this Article, the term "civil action" includes any action, whether based on the common law statutes or constitution of this State.

Plaintiffs, in their response to the instant motion, concede that the state law claims of assault/ battery and false imprisonment are time-barred. Accordingly, the Court dismisses Counts III and IV against the defendants with prejudice.

With regard to the state law claim of malicious prosecution, however, the Court disagrees with defendants' argument. To prevail on a claim of malicious prosecution, Illinois law requires that a plaintiff establish: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Joiner v. Benton Community Bank*, 82 Ill. 2d 40, 45, 411

N.E.2d 229 (1980), quoting from *Ritchey v. Maskin*, 71 Ill. 2d 470, 475, 376 N.E.2d 991 (1978). Because a plaintiff must plead that the judicial proceedings were terminated in his favor in order to state a claim for malicious prosecution, his claim does not accrue until the judicial proceedings are terminated. *Cult Awareness Network v. Church of Scientology Int'l.*, 177 Ill.2d 267, 685 N.E.2d 1347, 226 Ill. Dec. 604 (Ill.1997) Plaintiffs' complaint generally alleges that "All criminal actions stemming from the above incident against plaintiff LEAL were later dropped in a manner that indicated his innocence."[1] As stated above, plaintiff does not have to allege all elements of its claim in order to survive a motion to dismiss. *Bennet*, 153 F.3d at 518. At this point, accepting plaintiffs' facts as true, it is sufficient for the court to find that it is possible for plaintiff to prove facts which establish that the criminal charges were resolved in Leal's favor reflecting his innocence and that Leal filed the malicious prosecution claim in a timely manner. Thus, the Court denies defendants' motion to dismiss Count V.

B.    Indemnification (Count VI)

Defendants move to dismiss the state claim of indemnification on the grounds that Cook County is not the employer of the Officers, and thus would not be liable under the respondeat superior doctrine. Defendants further allege that pursuant to *Moy v. County*, 159 Ill. 2d 519, 640 N.E.2d 926, 203 Ill. Dec. 776 (1994), the County is not a proper party to the litigation. Plaintiffs concede that the Cook County Sheriff's Office, not Cook County, is the Officers' employer and

---

[1] While the Court may not consider facts outside the complaint, it notes that plaintiffs' reply brief further explains that the criminal charges against Leal were subsequently dismissed with an entry of nolle prosequi on April 22, 2005. In *Cult Awareness*, the Illinois Supreme Court explained that a nolle prosequi may serve as a favorable termination, unless the prosecution was abandoned for reasons not indicative of the innocence of the accused. *Cult Awareness*, 685 N.E.2d at 1354 citing *Swick v. Liautaud*, 169 Ill. 2d 504, 662 N.E.2d 1238, 215 Ill. Dec. 98 (Ill. 1996).

4

requests to amend the complaint to accurately identify the Sheriff's Office as such. The Court will grant plaintiffs leave to amend the complaint to reflect the Cook County Sheriff's Office as the employer of the Officers.

The Court disagrees, however, with defendants' assertion that Cook County should not be a party to the instant case. In *Moy*, the Illinois Supreme Court addressed the issue of whether Cook County "may be held vicariously liable under the doctrine of respondeat superior for the alleged negligent conduct of the Cook County Sheriff." *Id.* at 532. In concluding no, the court explained that under Illinois law the sheriff is a county officer and an employer/employee relationship does not exist between the county and its sheriff; therefore, Cook County is not liable for the actions of its sheriff under the respondeat superior doctrine.

While prevailing Illinois law mandates that an employment relationship does not exist between the County and the Sheriff, it does not necessitate that the County should be dismissed from this action. The Seventh Circuit, in a certified question to the Illinois Supreme Court, asked "whether, and if so when, Illinois requires counties to pay judgments entered against a sheriff's office in an official capacity." *Carver v. Sheriff of LaSalle County*, 243 F.3d 379 (7th Cir. 2001). The Illinois Supreme Court opined that, "because the office of the sheriff is funded by the county, the county is therefore required to pay a judgment entered against a sheriff's office in an official capacity." *Carver v. Sheriff of LaSalle County*, 203 Ill. 2d 497, 787 N.E.2d 127,129, 272 Ill. Dec. 312 (Ill. 2003)("Carver II"). After the court's ruling in Carver II, the Seventh Circuit noted that "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity." *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003)(citing

Fed.R.Civ.P. 17,19). It follows that because the Cook County Sheriff may be liable under a theory of respondeat superior for the Officers' actions, the County would be obligated to provide funds to pay any judgements that may be entered against the Sheriff. Therefore, as Cook County is a necessary party to the litigation, the Court will not dismiss it from the instant action. *See Weber v. Keller*, 2004 U.S. Dist. Lexis 10923, No. 03 C8292, 2004 WL 1368792, at *2)(N.D. Ill. June 16, 2004)(Lefkow, J.) ("Since in this case the Sheriff may be liable under a theory of *respondeat superior* and because the County would be required to pay if . . . [plaintiff] succeeds in her law suit, the court will not dismiss the County from this action."). Accordingly, the Court denies defendants' motion to dismiss Cook County from the instant litigation.

## CONCLUSION

For the reason set forth above, defendants' motion to dismiss Counts III and IV is granted. Defendants' motion to dismiss Counts V and VI is denied. Plaintiff is ordered to file an amended complaint consistent with this opinion.

IT IS SO ORDERED

01/23/06
Dated

The Honorable William J. Hibbler
United States District Court.